IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES OWENS, # K-83253,

        Plaintiff,

vs.                                           Case No. 17-cv-1387-DRH

WEXFORD HEALTH SOURCES, INC.,
NICHOLAS LAMB,
CUNNINGHAM,
LORI JACKMAN,
DON McFARLAND,
P.A. PHILLIPPE,
and JOHN DOE (Medical Personnel),

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Now before this Court for review is the Amended Complaint filed by Plaintiff James Owens pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was denied medication for joint pain and sinus congestion at Lawrence Correctional Center ("Lawrence"). (Doc. 14, pp. 1-17). He brings First and Eighth Amendment claims against Wexford, Lori Jackman, Don McFarland, Medical Director Cunningham, P.A. Phillips,[1] John Doe (medical personnel), and Nicholas Lamb. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief. *Id.*

---

[1] Plaintiff identified this individual as "P.A. Phillippe" in the Complaint. In the Amended Complaint, he refers to this defendant as "Nurse Practitioner" and "Physician's Assistant" "Phillippe," "Phillipe," "Phillipes," "Phillippes," and/or "Phillips." For the sake of consistency, the Court has referred to this individual as P.A. Phillippe in the case caption and throughout this Order.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations must be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**<u>Amended Complaint</u>**

According to the Amended Complaint, Plaintiff has suffered from chronic pain in his left hip and lower back for years, with varying diagnoses. (Doc. 14, p. 12). He began using a cane in 2014 and a wheelchair in 2016. He was prescribed the maximum dosage of Naproxen[2] (500 mg twice daily). In 2014, Plaintiff also began suffering from blinding headaches and sinus congestion that he attributed to an environmental allergy. He was prescribed the maximum dosage of Chlor-Trimeton[3] (CTM) (415 mg once daily), and he has taken it since May 20, 2014. *Id*.

Between December 5, 2012, and March 6, 2017, the "defendants to be named through discovery" denied Plaintiff Naproxen for 274 days and CTM for 234 days.

---

[2] Naproxen is the generic form of non-steroidal anti-inflammatory drug commonly branded as Aleve, and it is used to treat pain, swelling, and stiffness caused by arthritis, bursitis, and back pain. *See* https://medlineplus.gov/druginfo/meds/a681029.html (lasted visited Nov. 1, 2018).

[3] Chlor-Trimeton is a common brand name for chlorpheniramine, an antihistamine used to relieve symptoms of allergies, hay fever, and the common cold. *See* https://medlineplus.gov/druginfo/meds/a682543.html (last visited Nov. 1, 2018).

(Doc. 14, pp. 4, 12). "Medical staff" failed to intervene and demand proper care of Plaintiff by "non-medical staff." *Id*. These lapses are described in an 8-page timeline that spans 5 years. (Doc. 14, pp. 4-11).

Plaintiff allegedly requested medication 60 times, filed 9 grievances with unidentified staff, and lodged 5 complaints with ADA Coordinator Brookhart.[4] (Doc. 14, pp. 4-11). Plaintiff also complained to his counselor (3 times), Phillippe (3 times), Cunningham (2 times), and a cellhouse lieutenant (1 time), among others. (Doc. 14, pp. 4-13). He maintains that Lori Jackman and Don McFarland failed to refill his prescriptions or to ensure that the medications were dispensed to him, but he does not indicate when or how often. (Doc. 14, p. 13). His complaints to the warden were regularly denied. (Doc. 14, pp. 4-11). Wexford did not demand the medical staff's compliance with its medication refill policy requiring staff to order prescription refills and dispense medication in a timely manner. *Id*.

Plaintiff claims that the defendants conspired to deprive him of his medication, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. He further claims that they conspired to retaliate against him, in violation of his First Amendment rights, for filing *Owens v. Duncan, et al.*, No. 14-cv-00510-MJR-SCW (S.D. Ill. 2014). (Doc. 14, p. 16).

---

[4] Brookhart, Plaintiff's "counselor," and the "cellhouse lieutenant" are not named as defendants, so all claims against them are considered dismissed without prejudice.

## Merits Review Pursuant to 28 U.S.C. § 1915A

The Court previously divided this *pro se* action into the following counts, which the parties and the Court will use in all future pleadings and orders in this case, unless otherwise directed by this Court:

> **Count 1:** Eighth Amendment deliberate indifference claim against Cunningham, Jackman, McFarland, Phillippe, John Doe Medical Personnel, and Lamb for failing or refusing to provide Plaintiff with adequate supplies of CTM and Naproxen.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for failing to ensure that its employees filled Plaintiff's prescriptions.
>
> **Count 3:** First Amendment retaliation claim against Cunningham, Jackman, McFarland, Phillippe, John Doe Medical Personnel, and Lamb for refusing to fill Plaintiff's prescriptions for CTM and Naproxen after he filed suit against Lawrence medical staff in *Owens v. Duncan*, No. 14-cv-510-MJR-SCW (S.D. Ill., filed May 5, 2014).

The designation of these counts does not constitute an opinion as to their merit. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice.**

This is not the first time Plaintiff has pursued these claims against Lawrence officials. He filed *two* prior suits in this District raising virtually identical claims against a group of 5 defendants, including Phillippe and Lamb (official capacity only). *See Owens v. Duncan*, No. 14-cv-510-MJR-SCW (filed May 5, 2014); *Owens v. Duncan*, No. 15-cv-1169-MJR-SCW (filed Oct. 21, 2015). The cases were consolidated and dismissed on summary judgment on January 30, 2018. (Case No. 15-cv-1169, Doc. 118). An appeal is now pending. *See Owens v. Duncan*, App. No. 18-1416 (7th Cir. filed Feb. 23, 2018). Before filing the instant suit, Plaintiff

sought leave to amend his complaint and expand the number of defendants and claims in the consolidated case. (*See* Doc. 91). His request was denied on August 1, 2017, and he filed this action on December 26, 2017. *Id*.

Plaintiff's Complaint did not survive preliminary review under § 1915A. (Doc. 9). In the Dismissal Order, this Court explained each of the reasons that all 3 claims against the defendants failed. (Doc. 9, pp. 1-21). The claims were dismissed without prejudice, and Plaintiff was granted leave to amend.

Plaintiff's Amended Complaint is largely duplicative of the original Complaint. (Docs. 1, 14). Both documents contain an *identical* 8-page chronology of events itemizing requests for and lapses in Plaintiff's medication from 2012-17. (Doc. 1, pp. 4-11; Doc. 14, pp. 9-11). When dismissing the Complaint, the Court analyzed the 200-plus entries in the timeline of events and explained why they failed to state an Eighth Amendment deliberate indifference claim and a First Amendment retaliation claim against the defendants—primarily because Plaintiff did not identify the defendants in connection with most events. (*See* Doc. 9, pp. 1-21). The same analysis applies to the Amended Complaint, and the Court incorporates its previous discussion into this Order. (*See* Doc. 9).

The primary difference between the Complaint and Amended Complaint can be found in the allegations that follow the timeline of events. (Doc. 1, pp. 12-14; Doc. 14, pp. 12-17). In 3 additional pages of allegations, Plaintiff includes few *new* facts, relying instead on a summary of case law and legal conclusions to support his claims. (Doc. 14, pp. 12-17). Even at this early stage, the Court cannot

accept as true conclusory legal statements or threadbare recitals of the elements of each cause of action, and this is almost all that Plaintiff offers. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

The Court says "almost" because Plaintiff does offer some additional information about his medical conditions, describing his pain as chronic and manageable only with the maximum daily dose of Naproxen and Chlor-Trimeton. To state an Eighth Amendment claim, a plaintiff must establish: (1) the existence of a sufficiently serious medical condition (*i.e.*, objective standard); and (2) each defendant's deliberate indifference to that condition (*i.e.*, subjective standard). *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Plaintiff's allegations may satisfy the objective element of this claim at screening, but not the subjective element.

The Amended Complaint does not suggest that Cunningham,[5] Jackman, McFarland, or John Doe Medical Personnel knew of and deliberately disregarded his serious medical conditions or his need for medication. (*See* Doc. 9, discussing same). Although Warden Lamb is now named in his individual capacity, the allegations do not refer to him by name and thus fail to establish any personal involvement in a constitutional deprivation.[6] And, try as he may, Plaintiff still cannot proceed with his claim against Phillippe based on encounters with this defendant on July 13, 2015, August 6, 2015, and September 15, 2015, because

---

[5] Plaintiff does not refer to Cunningham by name in the statement of his claim.
[6] The official capacity claim against Warden Lamb also fails because it lacks specificity and because Plaintiff is no longer housed at Lawrence. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

6

these claims were dismissed on summary judgment in Case No. 15-cv-1169. (*See also* Doc. 9, p. 11) ("Those dismissed claims regarding the 2015 incidents [involving Phillippe] shall not be reconsidered in this action."). Count 1 fails to state a claim for relief against the named defendants.

The allegations against Wexford are equally unavailing. Plaintiff once again asserts that Wexford permitted its employees to deviate from its prescription drug protocols when failing to timely refill and dispense his medications. The doctrine of *respondeat superior* is inapplicable to § 1983 actions, and Plaintiff would know this if he reviewed this Court's Dismissal Order. (*See* Doc. 9, p. 12) (citing *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *Sanville v. McCaughtry*, 26 F.3d 724, 740 (7th Cir. 2001) (citations omitted)). Count 2 still fails to state any claim for relief.

The retaliation claim in Count 3 likewise fails, for the same reasons the other claims do. Plaintiff has introduced no new allegations in the Amended Complaint that support his claims, vaguely citing the "chronology of events" and (again) pointing out that the lapses in medication increased dramatically when he filed Case No. 14-cv-00514. This Court previously explained that "[s]tatistics and assumptions are not sufficient to support a plausible retaliation claim," and "[n]one of Plaintiff's factual allegations suggest that any [d]efendant was motivated to withhold medication from him because he filed the 2014 lawsuit." Count 3 shall be dismissed for failure to state a claim.[7]

---

[7] Absent any other viable claim, the conspiracy claims also fail. *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008).

Plaintiff shall have one final opportunity to file a Second Amended Complaint.  **He must set forth additional facts—not law—in support of each claim against the defendants.**  Plaintiff is **WARNED** that he will face **SANCTIONS** that include, but are not limited to, dismissal of this action with prejudice and a "strike" under 28 U.S.C. § 1915(g) if he chooses to file a duplicative pleading setting forth no new factual allegations against the defendants.  The Court considers this tactic no less a waste of judicial resources than his now-routine practice of bringing unrelated claims against different defendants in the same action.  *See Owens v. Evans*, App. No. 16-1645 (7th Cir. Dec. 28, 2017) (instructing district courts that Owens "should be sanctioned" for continued "abuse of the judicial process").

## Disposition

**IT IS HEREBY ORDERED** that the Amended Complaint, including Counts 1 through 3, is **DISMISSED** without prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint within 28 days of the entry of this order and consistent with the instructions set forth in the Dismissal Order (Doc. 9, pp. 18-21).  Failure to file an amended complaint consistent with the instructions or the above-listed deadline shall result in dismissal of this action with prejudice and a "strike."  28 U.S.C. § 1915(g).  The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00

remains due and payable. *See* 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.11.05 10:07:00
-06'00'

**United States District Judge**