IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, K-83253, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-cv-01387-NJR |
| WEXFORD HEALTH SOURCES, INC., NICHOLAS LAMB, CUNNINGHAM, LORI JACKMAN, DON McFARLAND, JOHN COE, DeDe BROOKHART, COUNSELOR SCHOON, COUNSELOR STRUBHART, COUNSELOR PETTY, COUNSELOR McCASLIN, JOHN DOE 1 (Wexford Employees), and JOHN DOE 2 (Medical Personnel), | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James Owens's Second Amended Complaint filed pursuant to 42 U.S.C. § 1983 is now before the Court for a preliminary review. (Doc. 19). In this latest Complaint, Owens alleges that he was denied medication for joint pain and sinus congestion by eleven known and numerous unknown defendants at Lawrence Correctional Center ("Lawrence") from 2012 through 2017. (*Id.* at pp. 1-70). He seeks declaratory judgment, money damages, and injunctive relief.[1] (*Id.* at p. 19). The Court notes that this case is one of several lawsuits Owens filed to address these claims. *Owens v. Duncan*, No. 14-cv-00510-MJR-SCW (S.D. Ill. 2014) ("2014 case"); *Owens v. Duncan*, No. 15-

---

[1] As previously explained, Owens is no longer housed at Lawrence, so his request for injunctive relief appears to be moot. (*See* Doc. 15 at n.6) (citing *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004)).

1

cv-01169-MJR-SCW (S.D. Ill. 2015) ("2015 case"); *Owens v. Lamb*, No. 17-cv-00667-SMY-RJD (S.D. Ill. 2017) ("2017 case").

The Second Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Second Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations must be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

The Second Amended Complaint sets forth the following allegations (Doc. 19, pp. 1-19): Owens suffers from daily pain in his left hip and lower back. (*Id*. at pp. 4, 14). In recent years, he has transitioned from using a cane to requiring a wheelchair. To manage his pain, doctors have prescribed Owens the maximum daily dosage of Mobic and Naproxen.[2] He also suffers from blinding headaches and sinus congestion associated with an environmental allergy. Since 2014, he has been prescribed the maximum daily dosage of Claritin and Chlor-Trimeton[3] (CTM). (*Id*.)

Owens complains of lapses in these medications that have occurred during his incarceration at Lawrence from December 2012 to May 2017. He sets forth a detailed chronology in a timeline spanning nine pages and five years. (*Id*. at pp. 5-13). But the timeline mentions only three

---

[2] Naproxen is used to treat pain, swelling, and stiffness caused by arthritis, bursitis, and back pain. *See* https://medlineplus.gov/druginfo/meds/a681029.html (lasted visited June 3, 2019).
[3] Chlor-Trimeton is an antihistamine used to relieve symptoms of allergies, hay fever, and the common cold. *See* https://medlineplus.gov/druginfo/meds/a682543.html (last visited June 3, 2019).

defendants: Doctor Coe;[4] DeDe Brookhart;[5] and Counselor Petty.[6] Owens omits reference to all other defendants.[7] He instead refers to non-parties by name (*e.g.*, "N.P. Phillippe" and "Boswell Pharmacy") or uses generic names for others (*e.g.*, "the warden," "my counselor," "cellhouse lieutenant," "sick call nurse," "medical director," "grievance officer," "CAO," and "ARB").

Owens then asserts that the "defendants – to be named through discovery" failed to provide him with medications prescribed by Illinois Department of Corrections doctors, including his Naproxen for a total of 274 days and CTM for 234 days. (*Id*. at p. 14). Medical records allegedly reveal that Boswell Pharmacy did not provide Owens with 270 of 1,110 Mobic tablets, 262 of 2,472 Naproxen tablets, and 880 of 3,498 CTM tablets. He allegedly requested blister packs 60 times and filed 14 grievances. In addition, Owens spoke with Assistant Warden Brookhart five times, Medical Director Cunningham twice, and other non-parties. Owens blames Wexford Health Sources, Inc., Cunningham, Coe, McFarland, and Jackman for failing to ensure compliance with Wexford's standard medication protocol. (*Id*. at pp. 15-18). Finally, he claims that the increase in medication lapses after filing his 2014 case supports a retaliation claim against defendants. (*Id*. at pp. 18-19).

The Court previously divided this *pro se* action into three counts. Upon review of the Second Amended Complaint, the Court now divides the claims into two counts, which the parties and the Court should use in all future pleadings and orders in this case, unless otherwise directed:

---

[4] According to the timeline, Plaintiff complained about lapses in his medication to Doctor Coe on June 10, 2015, July 16, 2015, November 9, 2015, November 21, 2015, November 23, 2015.
[5] According to the timeline, Plaintiff complained about lapses in his medication to DeDe Brookhart on August 18, 2015, February 24, 2017, March 15, 2017, March 25, 2017, and September 20, 2017.
[6] According to the timeline, Plaintiff complained about lapses in his medication to Counselor Petty on February 15, 2017 and April 9, 2017.
[7] A comparison of timelines set forth in the Complaints filed by Owens in all four related cases reveals that he included many of the same events from 2014 and 2015 involving Doctor Coe in the instant chronology of events. Owens simply omitted reference to Doctor Coe.

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants for failing or refusing to provide Owens with adequate supplies of Naproxen, Mobic, CTM, and Claritin.

**Count 2:** First Amendment retaliation claim against Defendants for refusing to refill Owens's prescriptions for Naproxen, Mobic, CTM, and Claritin because he filed suit against Lawrence medical staff in *Owens v. Duncan*, No. 14-cv-510-MJR-SCW (S.D. Ill. filed May 5, 2014).

The designation of these counts does not constitute an opinion as to their merit. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice.**

## Discussion

*Count 1*

To state an Eighth Amendment claim based on the denial of adequate medical care, a plaintiff must establish: (1) the existence of a sufficiently serious medical condition (*i.e.*, objective standard); and (2) each defendant's deliberate indifference to that condition (*i.e.*, subjective standard). *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

An objectively serious medical condition is one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The fact that physicians prescribed Owens the maximum daily dose of four medications (Mobic, Naproxen, CTM, and Claritin) for his chronic hip and back pain and sinus infections for years suggests that these medical conditions are objectively serious for screening purposes.

Deliberate indifference is shown when an individual defendant "intentionally den[ies] or delay[s] access to medical care or intentionally interfer[es] with the treatment once prescribed." *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004). The allegations suggest that Defendants Coe,

Brookhart, and Petty may have knowingly or even intentionally interfered with Owens's access to prescription medication. Likewise, Owens adequately alleges a claim of deliberate indifference against Wexford, Cunningham, Coe, McFarland, and Jackman for routinely disregarding Wexford's medication protocol by delaying or denying inmate access to prescribed medications. Count 1 shall receive further review against all of these defendants.

But this claim does not survive screening against any other defendant. Owens either failed to mention the other defendants in the Second Amended Complaint or adequately develop a deliberate indifference claim against them. Accordingly, Count 1 shall be dismissed with prejudice against Defendants Lamb, Schoon, Strubhart, McCaslin, Doe 1, and Doe 2.

*Count 2*

Count 2 fails to state a claim for the same reasons the Court dismissed it twice before. Owens relies on general references to the "chronology of events" and his own statistics showing an increase in medication lapses after he filed his 2014 case to support a retaliation claim against "defendants." (Doc. 19). But as the Court has repeatedly stated, Owens's "[s]tatistics and assumptions are not sufficient to support a plausible retaliation claim" against any particular defendant. (Doc. 15, p. 7). None of Owens's factual allegations suggest that a specific defendant was motivated to withhold medication from him because he filed the 2014 lawsuit. (*Id*.). Count 2 shall therefore be dismissed with prejudice for failure to state a claim for relief.

### Disposition

**IT IS ORDERED** that the Second Amended Complaint survives preliminary review under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will receive further review against Defendants **WEXFORD HEALTH SOURCES, INC., CUNNINGHAM, JACKMAN, McFARLAND, COE, BROOKHART,** and **PETTY**. This claim is **DISMISSED** with prejudice against all other defendants for failure to state a claim upon which relief may be granted.

- **COUNT 2** is **DISMISSED** with prejudice against all defendants for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to **TERMINATE** the following defendants as parties: **NICHOLAS LAMB, JOHN DOE 1 (Wexford Employees), JOHN DOE 2 (Medical Personnel), COUNSELOR SCHOON, COUNSELOR STRUBHART,** and **COUNSELOR McCASLIN**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC., CUNNINGHAM, JACKMAN, McFARLAND, COE, BROOKHART,** and **PETTY:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 19), and this Memorandum and Order to each Defendant's place of employment as identified by Owens. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Owens, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action will be **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings and for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Owens and includes the payment of costs under Section 1915, Owens will be required to pay the full amount of the costs, despite the fact that his IFP application was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Owens is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 6/5/2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**