IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS,<br>#K83253,<br><br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>LORI CUNNINGHAM SHINKLE,<br>DR. JOHN COE, and<br>DEE DEE BROOKHART,<br><br>    Defendants. | Case No. 17-cv-01387-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on the motion for recruitment of counsel (Doc. 92), motion to compel discovery (Doc. 93), and motion for extension of time to complete discovery (Doc. 94) filed by Plaintiff James Owens. Also pending before the Court are motions requesting additional time to file dispositive motions filed by Defendants (Docs. 98, 99).

### MOTION FOR RECRUITMENT OF COUNSEL

Determining whether to appoint counsel is a two-step analysis. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The Court must make the following two inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so; and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Id*. In ruling on his first request for counsel, the Court determined that Owens had made reasonable attempts to obtain counsel on his own before seeking assistance from the Court. (Doc. 9, p. 17-18). Now, the Court must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to

coherently present." *Navejar v. Iyiola,* 718 F. 3d 692, 696 (7th Cir. 2013) (quoting *Pruitt,* 503 F. 3d at 655).

Owens claims that he is in need of court recruited counsel because of his inability to conduct discovery. (Doc. 92). He is no longer housed at Lawrence Correctional Center, where the alleged constitutional violations occurred. Rules implemented by the Illinois Department of Corrections limit his ability to send mail to individuals at other facilities and have hindered his ability to investigate his case and find witnesses to the events alleged. Due to COVID-19 restrictions, he has had limited law library time and access to his legal boxes. Additionally, since being transferred to Pinckneyville Correctional Center ("Pinckneyville"), he is now missing two property boxes containing legal documents for all of his pending cases. Since he has no discovery in this case, he will not be able to draft a response to a motion for summary judgment and adequately represent himself for the duration of this case.

The Court finds that this case does not factually and legally exceed Owens's "capacity as a layperson to coherently present it." *Navejar,* 718 F.3d at 696 (internal citations and quotations omitted). Owens is proceeding on a single count against four defendants for repeated lapses in receipt of his medications. The legal and factual issues involved in this case do not seem too difficult for Owens, who is a college graduate and an experienced litigator in this district.[1] Owens has consistently demonstrated he can clearly communicate with the Court and litigate this case. His motions and responses frequently contain citations to numerous supporting exhibits and caselaw. Although he claims he had difficulties during the discovery phase, as more fully discussed

---

[1] *See Owens v. Blagojevich,* No. 06-cv-00380-DRH-CJP; *Owens v. Ill. Dep't of Corr.,* No. 13-cv-00530-SCW, *Owens v. Ill. Dep't of Corr.,* No. 13-cv-00594-MR-SCW; *Owens v. Butler,* No. 14-cv-00055-SPM; *Owens v. Duncan,* No. 14-cv-00510-MJR-SCW, *Owens v. Duncan,* No. 14-cv-01093-SCW; *Owens v. Butler,* No. 15-cv-00327-SMY-RJD; *Owens v. Duncan,* No. 15-cv-00999-MJR; *Owens v. Baldwin,* No. 15-cv-01085-NJR; *Owens v. Duncan,* No. 15-cv-01143-MJR-SCW; *Owens v. Duncan,* No. 15-cv-01169-MJR-SCW; *Owens v. Lamb,* No. 17-cv-00667-SMY; *Owns v. Lamb,* No. 17-cv-00997-SPM-GCS.

below, his lack of discovery has been his own doing. Owens has not demonstrated any effort to engage in discovery. Rather, he points generally to common hindrances experienced by many pro se prisoner plaintiffs during litigation, such as limited access to the law library and his legal documents. The Court finds that Owens has the intellectual capacity and experience to continue prosecuting his claims pro se. Accordingly, his motion is denied.

## MOTION TO COMPEL DISCOVERY

Owens asks the Court to compel Defendants to produce a number of documents, including medical records, grievances, and medication logs. (*See* Doc. 93, 94, 97). He claims that he requested the documents at his deposition on July 8, 2021, and Defendants refused to provide him the discovery. Defendants respond that the other than the verbal request made at his deposition, Owens never served any written discovery. (Doc. 95, p. 2; Doc. 96, p. 2). Because there is no discovery to compel, they ask the Court to deny the motion.

Federal Rule of Civil Procedure 37 allows a party to move to compel when the opposing party fails to produce requested documents. FED. R. CIV. P. 37(a)(3)(B). When seeking a court order compelling disclosure, the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." FED. R. CIV. 37 (a)(1).

It is not entirely clear whether Owens is seeking to compel the production of new discovery documents never received or initial disclosures he received from Defendants in December 2019 (*see* Doc. 94, p. 1), but have subsequently gone missing after he transferred facilities in April 2021. To the extent he is seeking new discovery, Owens does not assert that he ever sent Defendants written discovery requesting the desired documents. The Court will not compel production of documents never requested. He has also not shown that he first attempted to resolve the discovery dispute informally prior to involving the Court. A singular conversation with Defendants at his

deposition, after the discovery deadline had expired on May 10, 2021, is not sufficient to meet the requirement of making a good faith effort to confer with Defendants as require in Rule 37. Thus, motion is denied to the extent he is requesting documents not yet produced.

The Court will also not compel Defendants to produce to Owens copies of documents from other civil cases or reproduce hundreds of pages of initial disclosures. Owens claims that he was transferred from Taylorville Correctional Center ("Taylorville") to Pinckneyville on April 2, 2021. (Doc. 94, p. 1). Only three of his five excess legal boxes were successfully transferred to Pinckneyville. In the two missing legal boxes were grievances from 2001-2018, money vouchers, medical records, datebooks, and other case documents from pending and closed cases. The missing boxes also have documents for this case. (Doc. 97, p. 1). He alleges that at his deposition, he informed Defense Counsel that he was missing documents and requested they "resupply the discovery and obtain the missing discovery which is filed in [his] case 15-cv-1169." (Doc. 94, p. 2). Owens informed them that the documents could be found in the docket of *Owens v. Duncan*, No. 15-cv-1169, Doc. 86, Exhibit A, but Defense Counsel refused to produce the documents. (Doc. 97, p. 2).

The Court will not compel Defendants to reproduce all discovery already provided to Owens in this case; nor will Defendants be required to provide Owens documents from other unrelated cases. Exhibit A from *Owens v. Duncan* is an attachment to his response to the motion for summary judgment filed in that case. Exhibit A is one hundred sixteen pages, which include copies of Owens's date book and prescription records. At anytime, Owens may request copies from the Court by filing a motion and prepaying the filing fee of $.50 per page. The Court notes that Defendants have not yet filed motions for summary judgment, and Owens's claim that he needs copies of these court records in order to oppose Defendants' requests for judgment as a matter of law is premature.

**EXTENSION OF TIME TO COMPLETE DISCOVERY FILED BY PLAINTIFF**

The Court also denies the motion for extension of time to complete discovery. The discovery deadline expired May 10, 2021. Owens argues that he has been unable to conduct discover due to no fault of his own. While at Taylorville, he was sent to segregation on June 26, 2020, and remained there for seven weeks. During this time, he was not given access to his legal documents and his case notes were lost. At Taylorville, he also did not have adequate time in the law library or to access to his legal boxes. After he was transferred to Pinckneyville on April 2, 2021, he did not receive indigent supplies, including envelopes, and two of his legal boxes have gone missing which contain documents for this case. Finally, he claims he did not know the deadline for discovery until he was able to access his legal boxes on June 14, 2021.

The Court may amend the scheduling order for good cause. FED. R. CIV. P. 16(b). "When considering whether good cause exists, 'the primary consideration for district courts is the diligence of the party seeking amendment.'" *J.F. by Sifuentes v. Abbott Lab., Inc.,* No. 14-CV-847-NJR-SCW, 2017 WL 992781, at *2 (S.D. Ill. Mar. 15, 2017) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)).

Here, Owens has not demonstrated that he acted with diligence in attempting to adhere to the deadlines set in the scheduling order. A scheduling order was entered on July 10, 2020, setting the discovery deadline for May 10, 2021. (Doc. 74). For a majority of the discovery period, Owens was housed at Taylorville. Other than stating that he had limited access to the law library and his legal documents, he has not provided an explanation for why he was unable to conduct *any* discovery during these eight months. He filed a motion for reconsideration on September 4, 2020, on April 23, 2021 he notified the Court that he had been transferred to Pinckneyville, and on May 10, 2021, he filed an answer to the Court's Show Cause Order. (Docs. 78, 84, 87). He did not indicate in any of these filings that additional time would be needed in order to complete discovery.

On May 28, 2021, the Court entered an order allowing Defendants additional time to take Owens's deposition and reset the dispositive motion deadline for August 11, 2021. (Doc. 91). Again, Owens did not file a motion with the Court for additional time to conduct discovery. It was not until two months after the deadline had passed did Owens seek to amend the scheduling order. Because Owens did not use the time given to even attempt to obtain discovery, and he has not specified what type of discovery he is requiring, any additional time would be futile and only prolong litigation unnecessarily. Accordingly, the Court does not find good cause to amend the scheduling order, and the motion for extension is denied.

### MOTION FOR EXTENSION OF TIME FILED BY DEFENDANTS

Defendants Cunningham-Shinkle and Brookhart request an additional thirty days to file dispositive motions. (Doc. 98). Defense Counsel states that she did not receive a copy of the deposition transcript until August 9, 2021, due to email issues. She also claims that in the last thirty days she has had six depositions, a *Pavey* hearing, and responded to several motions and discovery requests. Codefendants, Wexford Health Sources, Inc. and Dr. Coe, request the same extension for consistency of deadlines. (Doc. 98, 99). They also state that as of August 11, 2021, they have not received Owens's verification or errata corresponding to his deposition testimony and transcript.

Because Owens's deposition was not taken until July 8, 2021, the Court finds good cause to allow Defendants additional time to prepare and file dispositive motions. Dispositive motions are due September 10, 2021.

### DISPOSITION

For the reasons stated above, the motion for recruitment of counsel (Doc. 92), the motion to compel discovery (Doc. 93), and the motion for extension of time to complete discovery (Doc. 94) filed by Plaintiff James Owens are **DENIED.**

The motion for extension of time (Doc. 98) filed by Defendants Lori Cunningham-Shinkle

and Dee Dee Broohart and the motion to join filed by Defendants Wexford Health Sources, Inc. and Dr. John Doe (Doc. 99) are **GRANTED.** Dispositive motions are due **September 10, 2021.**

    **IT IS SO ORDERED.**

    **DATED:** August 24, 2021

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**